UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RICHEY LAVELL ANDREW,<br><br>        Petitioner,<br><br>vs<br><br>WARDEN VARE, et al.,<br><br>        Respondents. | **Case No. 3:04-cv-00695-LRH-VPC**<br><br>ORDER |

Before the court is Respondents' Motion to Dismiss (Docket #17) and Petitioner's Response to States Motion to Dismiss and Amendment of Ground 1 (Docket #18). For the reasons stated below, Respondents' motion will be granted, and Petitioner's motion to amend Ground 1 will be denied.

**A.  Motion to Dismiss (Docket #17)**

A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition. *O'Sullivan v. Boerckel,* 526 U.S. 838, 844 (1999); *See also Duncan v. Henry,* 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore,* 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey,* 653 F.2d 374, 376 (9th Cir. 1981).

A habeas petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971). The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion. *Ybarra v. Sumner*, 678 F.Supp. 1480, 1481 (D. Nev. 1988) *citing Picard*, 404 U.S. at 276. To achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution" and given the opportunity to correct alleged violations of the prisoner's federal rights. *Duncan v. Henry,* 513 U.S. 364, 365 (1995), *See Hiivala v. Wood,* 195 F.3d 1098, 1106 (9th Cir. 1999). It is well settled that 28 U.S.C. § 2254(b) "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." *Jiminez v. Rice,* 276 F.3d 478, 481 (9th Cir. 2001), *quoting Rose v. Lundy,* 455 U.S. 509, 520 (1982).

A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based. *Bland v. California Dept. of Corrections,* 20 F.3d 1469, 1473 (9th Cir. 1994). The exhaustion requirement is not met when the petitioner presents to the federal court facts or evidence which place the claim in a significantly different posture that it was in the state courts, or where different facts are presented at the federal level to support the same theory. *See Nevius v. Sumner,* 852 F.2d 463, 470 (9th Cir. 1988); *Pappageorge v. Sumner,* 688 F.2d 1294, 1295 (9th Cir. 1982); *Johnstone v. Wolff,* 582 F.Supp. 455, 458 (D.C.Nev. 1984).

Respondents argue that Ground 1 of Petitioner's federal habeas petition is unexhausted because it was never presented to the Nevada state courts for review. Petitioner claims that all of the facts presented in his federal petition were presented in state court. In the alternative, Petitioner asks that his federal habeas petition be amended so that it only includes the specific ground for relief presented in his state court post-conviction petition. A review of the exhibits accompanying Respondents' motion reveals that Ground 1 of Petitioner's federal habeas petition is unexhausted. Petitioner did not file a direct appeal following his conviction. In his state post-conviction petition,

1  Petitioner essentially made a single claim of ineffective assistance of counsel: "My attorney had me
2  thinking I was getting concurrent sentencing." Ground 1 of Petitioner's federal habeas petition
3  alleges that as a result of ineffective assistance of counsel, his guilty plea was not voluntarily and
4  knowingly entered. In support of his claim of ineffective assistance, Petitioner has argued the
5  following facts:

    1.    Counsel failed to advise him regarding the rights he would be waiving and the possible punishments he would face by entering his guilty plea;
    2.    Counsel failed to argue in support of mitigating Petitioner's sentence;
    3.    Counsel failed to advise Petitioner of his right to direct appeal;
    4.    Counsel led Petitioner to believe that all his sentences would run concurrently.

9  Only the fourth factual allegation was made in the state courts below. Although Petitioner's basic
10 claim remains consistent; that ineffective assistance of counsel resulted in an involuntary guilty plea,
11 Petitioner has presented substantially different factual allegations in support of that claim in his
12 federal habeas petition. Before this court will consider a federal habeas claim, however, Petitioner
13 must present the same legal theory and "operative facts" to the state courts for review. Petitioner has
14 not done that in this case, and his sole ground for federal habeas relief is therefore unexhausted.

15       Because Petitioner's only ground for relief is unexhausted, his petition may be dismissed.
16 *See Raspberry v. Garcia,* 448 F.3d 1150, 1154 (9th Cir. 2006). In light of Petitioner's pro se status,
17 however, the court recognizes that Petitioner's exhausted claim; that counsel was ineffective by
18 leading Petitioner to believe that his sentences would run concurrently, is contained within Ground 1
19 of his federal habeas petition. The court will therefore consider Petitioner's petition to be a "mixed"
20 petition, containing both exhausted and unexhausted grounds. *See Rose v. Lundy,* 455 U.S. 509
21 (1982).

22       Because the court finds Petitioner's petition is mixed, and contains at least one exhausted
23 claim, Petitioner has several options to choose from. In the past, it has been the practice of this
24 Court to permit a petitioner the option of abandoning his unexhausted claims and proceeding on the
25 merits of those that are properly exhausted or voluntarily dismissing the action without the entry of
26

judgment, to permit a return to state court. However, in *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court placed some limitations upon the discretion of this Court to facilitate habeas petitioners' return to state court to exhaust claims. The *Rhines* Court stated:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

*Rhines*, 544 U.S. at 277.

Because Petitioner's federal habeas petition is a mixed petition containing exhausted and unexhausted claims, it must be dismissed by this court. Prior to dismissing this case, however, Petitioner will be provided the following three options:

1. He may submit a sworn declaration voluntarily abandoning the unexhausted claims in his federal habeas petition, and proceed only on the exhausted claims;

2. He may return to state court to exhaust his unexhausted claims, in which case his federal habeas petition will be denied without prejudice but will not be stayed during his return to state court; or

3. He may file a motion, pursuant to the requirements of *Rhines*, asking this court to stay and abey his exhausted federal habeas claims while he returns to state court to exhaust his unexhausted claims.

Petitioner's failure to choose any of the three options listed above will result in his federal habeas petition being dismissed.

**B.    Motion to Amend Ground 1 (Docket #18)**

Fed. R. Civ. P. 15, which governs the amendment of pleadings, applies to habeas corpus petitions. *See In re Morris,* 363 F.3d 891, 893 (9th Cir. 2004), *Calderon v. United States Dist. Court (Taylor)*, 134 F.3d 981, 986 n. 6 (9th Cir. 1998); *see also* 28 U.S.C. § 2242 (stating that a habeas

4

1 petition "may be amended or supplemented as provided in the rules of procedure applicable to civil
2 actions"). Pursuant to Fed. R. Civ. P. 15(a), after a responsive pleading has been filed, a party may
3 only submit an amended pleading with leave of court, "and leave shall be freely given when justice
4 so requires." Local Rule 15-1 provides that "unless otherwise permitted by the court, the moving
5 party shall attach the proposed amended pleading to any motion to amend so that it will be complete
6 in itself without reference to the superseding pleading."

7       Petitioner's motion to amend his federal habeas petition does not include a proposed
8 amended pleading, and will therefore be denied. If Petitioner wishes to amend his petition so that it
9 only states the specific claim raised in his state court post-conviction petition, he may do so by
10 submitting a sworn declaration abandoning his unexhausted claims, as described above. Petitioner
11 may also resubmit his motion to amend, if he so chooses, in compliance with Fed. R. Civ. P. 15 and
12 Local Rule 15-1.

13       **IT IS THEREFORE ORDERED** that Respondents' Motion to Dismiss (Docket #17) is
14 **GRANTED**.

15       **IT IS FURTHER ORDERED** that Petitioner shall have thirty (30) days to do one of the
16 following: (1) inform this court in a sworn declaration that he wishes to formally and forever
17 abandon the unexhausted grounds for relief set out in Ground 1 of his federal habeas petition, and
18 proceed only on the remaining ground for relief; (2) inform this court in a sworn declaration that he
19 wishes to dismiss this petition without prejudice in order to return to state court to exhaust his
20 unexhausted claims; or (3) file a motion pursuant to the requirements of *Rhines v. Weber*, 544 U.S.
21 269 (2005) asking this court to hold his exhausted claim in abeyance while he returns to state court
22 to exhaust his unexhausted claims.

23       **IT IS FURTHER ORDERED** that if Petitioner elects to abandon his unexhausted grounds,
24 Respondent shall have thirty (30) days from the date Petitioner serves his declaration of
25 abandonment in which to file an answer or response to Petitioner's remaining grounds for relief.
26

5

Petitioner shall thereafter have twenty (20) days following service of Respondent's answer in which to file a reply.

**IT IS FURTHER ORDERED** that if Petitioner fails to respond to this order in the time permitted, this case may be dismissed.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Amend (Docket #18) is **DENIED**.

Dated this 7th day of March, 2007.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE